NELSEN v. HENNEBIQUE CONST. CO.

(Supreme Court, Appellate Division, Second Department.  July 31, 1914.)

1. EVIDENCE (§ 123*)—RES GESTÆ—NARRATIVE OF PAST EVENT.
     Where decedent was killed by the breaking of a defective scaffold, a statement made by his assistant foreman, coming away from the window from which decedent fell, two minutes after the accident, not a qualifying declaration impelled by the fall, was mere narrative of a past event, and not admissible as res gestæ.
     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351, 368;  Dec. Dig. § 123.*]

2. MASTER AND SERVANT (§§ 280, 281*)—DEATH OF SERVANT—DEFECTIVE SCAFFOLD—CONTRIBUTORY NEGLIGENCE—ASSUMED RISK—FINDINGS—WEIGHT OF EVIDENCE.
     Decedent having been directed to construct a simple scaffold at an eight-story window for his own support, but not to cut whole boards for the purpose, selected a yellow pine board which had a knot at a point where it subsequently broke, causing decedent to fall.  Held, that the fact that the board was covered by lime did not exculpate decedent from negligence in failing to discover the weakness in the board, and that findings that he did not assume the risk and was free from contributory negligence were against the weight of the evidence.
     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 981–986, 987–996;  Dec. Dig. §§ 280, 281.*]

Appeal from Trial Term, Kings County.

Action by Hanna Nelsen, as administratrix, etc., of the estate of Louis Nelsen, deceased, against the Hennebique Construction Company.  From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals.  Reversed, and new trial granted.

Argued before BURR, THOMAS, CARR, RICH, and STAPLEton, JJ.

Murray G. Jenkins, of New York City, for appellant.
Edward J. McCrossin, of New York City, for respondent.

THOMAS, J.  [1] The statement of the assistant foreman, coming away from the window some two minutes after Nelsen fell, was inadmissible.  It was a narrative of a past event, made to Michaelson, and was not a qualifying declaration, impelled by the fall of the decedent, and, as it were, interpreting it.  Waldele v. New York C. & H. R. R. Co., 95 N. Y. 274, 47 Am. Rep. 36;  Butler v. Manhattan R. Co., 143 N. Y. 417, 423, 38 N. E. 454, 26 L. R. A. 46, 42 Am. St. Rep. 738.

[2] The decedent was directed to construct for his support at the eighth story a simple scaffold, made of a plank placed across two cleats, nailed to upright joists.  He, directed not to cut whole boards for the purpose, selected, as plaintiff contends, from whatever material there was a yellow pine board eight inches wide, one inch thick, and ten feet long, to bridge an opening eight feet wide.  It had a knot where, as contended, it broke.  Such a board was improper.

It is urged, in excuse for his failure to discover the break, that the board was covered by lime;  but that would not have excused the mas-

ter in an action based on his negligence, and no more does it exculpate the servant, deputized to act for the master. If there was concealing dirt, the greater the need of scrutiny. Moreover, it does not appear that the board was in that condition on the side where the decedent stood. The finding of the jury that the decedent was free from contributory negligence, and that he did not assume the risk of the board selected, is against the weight of the evidence.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.